NÓtt, J.,
dissenting:
I fully agree with every position taken and principle enunciated in the opinion of the court save one; and as this decision may hereafter -affect the rights of commanding officers situated like Lieutenant Cushing, I am constrained to express briefly the ground and extent of my dissent.
I am of the opinion that Congress could not have intended that the commanding officer of a single ship taking a prize should ever in any possible case receive less prize money than his subordinates of lower rank. Probably there is no person in this country of sufficient education to read the statute and sufficient intelligence to comprehend the meaning of its words, who would believe that Congress really intended that a special provision for a commanding officer should in some cases operate to benefit and in some operate to injure him. Probably every judge, lawyer, and, layman to whom the case was stated would say that it was an oversight, a mistake, a result that Congress never really intended.
*73 What was really intended by the legislator, I think, should control what is casually expressed in a statute; and the general purpose of an act should not be overridden by the defect-* ive verbiage of any single provision which, taken literally, is abhorrent to the just and equitable purposes of the whole.
Lieutenant Cushing,*it is held, was entitled to only one-tenth of the net proceeds of the prize under the fourth subdivision of the Prize Act, because he was commanding officer of the launch. Let it be supposed that the commanding officer of the fleet had gone on this hazardous expedition in command of the launch, would he have been entitled to only one-twentieth under the first subdivision? Or let it be supposed that the commanding officer of a division of the fleet had gone, would he have been entitled to only one-fiftieth under the second subdivision ?
My conclusion in the present case is that the fourth subdivision confers a privilege and does not impose a restriction] that, the privilege belongs to the commanding officer as such; and that an officer thus situated may waive his privilege as commanding officer under the fourth- subdivision, and take simply his proportion as a person “doing duty on board” under the fifth subdivision.
To this extent I think the judgment here should be diminished.
Weldon, J., had not taken his seat when this case was heard, and took no part in the decision.